ALD-110                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1660
_____

IN RE: URVE MAGGITTI,
                                                  Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2-23-cv-02273)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 18, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 3, 2024)
_____

OPINION*
_____

PER CURIAM

    Urve Maggitti, proceeding pro se, petitions for a writ of mandamus to compel the

District Court to rule on her motion for a temporary restraining order.  For the following

reasons, we will deny the application.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Maggitti filed the motion in District Court on April 2, 2024.[1]  She filed this mandamus petition just nine days later, asserting that the District Court is bound to expedite consideration of her motion pursuant to 28 U.S.C. § 1657(a), and that the delay in ruling on the motion constitutes and enables violations of her constitutional rights.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a District Court handle a case in a particular manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam).  That said, a writ of mandamus may issue where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.

We conclude that the delay presented here has not amounted to a failure to exercise jurisdiction.  See id.  We are confident that the District Court will issue a ruling in due course.  Accordingly, we will deny Maggitti's mandamus petition.[2]

---

[1] Maggitti filed the motion despite the District Court's February 26, 2024 order staying all further filings pending a May hearing on the outstanding motions.

[2] Maggitti's motion to expedite our resolution of this mandamus decision is denied.

2